George RICHIE, and Theresa M. Richie and Tonya M. Richie, Minors, by their Guardian ad Litem, Jack McManus, Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent.†

Court of Appeals

*No. 86–0765. Submitted on briefs April 10, 1987.—Decided May 7, 1987.*

(Also reported in 409 N.W.2d 146.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Jack McManus*, of Oregon.

For the defendant-respondent the cause was submitted on the brief of *John Possi* and *Bell, Metzner & Gierhart, S.C.* of Madison.

Brief of amicus curiae was filed by *James T. Murray, Jr.,* and *Randy S. Parlee* and *Peterson, Johnson & Murray, S.C.,* of Milwaukee, on behalf of *The Wisconsin Insurance Alliance.*

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Georgia, Theresa and Tonya Richie appeal from a summary judgment declaring their rights under an automobile liability policy issued by American Family Mutual Insurance Company. Lonny Richie, Georgia's husband and the father of Theresa and Tonya, was seriously injured in a motor vehicle accident. American Family, the other driver's insurer, settled with Lonny for $100,000, its policy limit for bodily injury sustained by one person in a single occurrence. The issue is whether the claims of Lonny's wife and children for medical expenses and loss of consortium must be satisfied out of the $100,000 "each person" policy limit or whether the $300,000 "each occurrence" limit applies. We are satisfied that the trial court was correct in holding that the "each person" limit applied, and we therefore affirm.

American Family's policy sets limits of $100,000 for "each person" and $300,000 for "each occurrence." In a section entitled "Limits of Liability," the document states:

> The limits of liability shown in the declarations apply, subject to the following:
>
> 1. The *bodily injury* liability limit for "each person" is the maximum for *bodily injury* sustained by one person in any one occurrence.
>
> 2. Subject to the *bodily injury* liability limit for "each person," the *bodily injury* liability limit for "each occurrence" is the maximum for *bodily*

> *injury* sustained by two or more persons in any one occurrence.
>
> ....
>
> *We* will pay no more than these maximums no matter how many vehicles are described in the declarations, or *insured persons,* claims, claimants, policies, or vehicles are involved. Any amount payable under this coverage to or for an injured person will be reduced by any payment made to that person under the Uninsured Motorist coverage of this policy.

[Emphasis in original.] The trial court ruled that because the family's causes of action for medical expenses and loss of consortium arose out of Lonny's bodily injuries, the $100,000 "each person" limitation applied to both such claims.

 Construction of language in an insurance policy involves questions of law which we consider *de novo,* owing no deference to the trial court's interpretation. *Herwig v. Enerson & Eggen,* 98 Wis. 2d 38, 39, 295 N.W.2d 201, 203 (Ct. App. 1980), *aff'd,* 101 Wis. 2d 170, 303 N.W.2d 669 (1981). We are guided, however, by general rules of contract construction. It is well settled that policy language is to be given its common and ordinary meaning—not necessarily what the insurer intended, "but what a reasonable person in the position of the insured would have understood the words to mean." *Kremers-Urban Co. v. American Employers Ins.,* 119 Wis. 2d 722, 735, 351 N.W.2d 156, 163 (1984). If the terms of the policy are "plain on their face," courts will not go beyond them to rewrite the policy by construction. *Garriguenc v. Love,* 67 Wis. 2d 130, 135, 226 N.W.2d 414, 417 (1975). If the language is ambiguous, however, the ambiguity will

be resolved in favor of the policyholder. *Id.* Finally, ambiguities must be "genuine," *Bulen v. West Bend Mut. Ins. Co.,* 125 Wis. 2d 259, 264, 371 N.W.2d 392, 394 (Ct. App. 1985); they cannot be strained or fanciful. "A genuine ambiguity arises when [the policy language] is so confusing that the average policyholder cannot make out the boundaries of the coverage." *Id.*

The Richies argue that the phrase "bodily injury liability ... for 'each person'" is ambiguous and thus must be construed in their favor, allowing their claims to be satisfied within the larger policy limitations. They view the policy as ambiguous because: (1) it took the trial court seventy-eight words to describe a six-word clause; and (2) in the absence of explanatory language or a qualifying phrase such as "damages for care and loss of services," the average policyholder would be unable to ascertain the bounds of coverage. We disagree.

The policy plainly and unambiguously limits recovery for "bodily injury" for "each person" to $100,000. If more than one person suffers bodily injury, there may be separate claims. But if only one person is injured, there can be only a single maximum recovery of $100,000. And the limitation applies irrespective of whether others who were not themselves injured in the accident may have derivative or ancillary claims for damages—such as medical expense payments or loss of consortium—arising out of the injuries to the first person.

The Richies argue, however, that their claim for loss of Lonny's consortium constitutes a separate cause of action for their own "injuries," citing *Kottka v. PPG Industries, Inc.,* 130 Wis. 2d 499, 388 N.W.2d

160 (1986). The issue in *Kottka* was whether a wife's claim for loss of her husband's consortium was one "for the injury or death of an employe" within the meaning of the workers compensation damage allocation statute, sec. 102.29(1), Stats. The court held that it was not, stating in *dictum* that her claim was one "for personal injury to her." *Id.* at 521, 388 N.W.2d at 170.

Even if the *Kottka dictum* were applicable here, "personal injury" is a much broader concept than "bodily injury." Indeed, the Wisconsin pattern jury instructions include as "personal injuries" such elements of damage as impairment of earning capacity, loss of business profits, hospital and medical expenses, and delay in obtaining a college degree. Wis J I—Civil 1750A, 1765, 1775, 1780, 1785, 1788. "Bodily" injury, on the other hand, is "physical" injury—or injury "of or relating to the body." *Webster's Third New International Dictionary* 245 (1976). The only person suffering bodily injury in this case was Lonny Richie, and the claims of his wife and children for their payment of his medical expenses, and for their loss of consortium, arise out of Lonny's bodily injuries, not their own.

■

Loss of consortium is a derivative claim in that it derives from physical or mental injuries suffered by a family member. *Peeples v. Sargent,* 77 Wis. 2d 612, 643, 253 N.W.2d 459, 471 (1977). It may be an element of damage recoverable by the family member, but it is not a "bodily injury" to that family member within the meaning of the provisions of American Family's policy. The same may be said for the family member's claim for payment of the injured relative's medical expenses.

If only one person receives bodily injuries in a collision, the "each person" limitation applies no matter how many others may derive secondary claims from those injuries. The policy language is clear and unequivocal. It limits American Family's liability for bodily injury incurred by an individual to $100,000 regardless of whether persons other than the injured party may have a direct or derivative cause of action for their own damages.

Our conclusion finds support in the great majority of jurisdictions. *See* Annotation, *Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person,* 13 A.L.R.3d 1228, 1234–40 (1967). *See also* 8A Appleman, *Insurance Law and Practice* § 4893 at 60 (1981), where the author states:

> [I]t often happens that there are consequential damages, as well as the damages suffered by the injured person himself. Thus, where a wife or child is injured, the husband or parent may also suffer consequential injuries by reason of liability for hospital and doctor bills or for loss of services or consortium. But it has been held that these different types of injuries cannot be split up, in order to bring the claim within the higher policy limits; they are regarded as essentially injuries to one person, so that the lower policy limits applicable to injuries sustained by any one person would govern. [Footnote omitted.]

We align ourselves with those authorities and hold that the "each person" limitation for "bodily injury sustained by any one person" includes damages—such as medical expense liability or loss of

consortium—sustained by others as a consequence of the person's injuries.

*By the Court.*—Judgment affirmed.