ESTATE OF Kyle GOCHA, by Special Administrator
Charles Gocha, Charles Gocha, Jan Gocha, Chet
Gocha, a minor, by his Guardian ad Litem, Michael S.
Sperling, and Misty Gocha, a minor, by her Guardian
ad Litem, Michael S. Sperling, Plaintiffs-Appellants,†

METZ BAKING COMPANY HEALTH PLAN, Subrogated-
Plaintiff,

v.

Joseph SHIMON and State Farm Mutual Automobile
Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 97–0754. Submitted on briefs November 10,
1997.—Decided December 10, 1997.*

(Also reported in 573 N.W.2d 218.)

---

†Petition to review denied.

---

587

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Timothy J. Aiken* and *Kelly L. Centofanti* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Michael G. Grzeca* of *Michael G. Grzeca, S.C.* of Green Bay.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J.  The estate of Kyle Gocha, by special administrator Charles Gocha; Charles and Jan Gocha, individually; and Chet and Misty Gocha, by their guardian ad litem Michael S. Sperling (the Gochas), appeal from a summary judgment limiting insurance coverage in favor of Joseph Shimon and his insurer, State Farm Mutual Automobile Insurance Company (State Farm). The Gochas contend that emotional injuries suffered by family members who witness the death of another family member are a separate and independent direct action entitling the emotionally injured family members to liability coverage under the "each accident" limit of $300,000 and not the "each person" limit of $100,000. This is a basic contract interpretation case; as such, it is controlled by the policy language. The unambiguous

language of the "each person" limitation in State Farm's policy consolidates the bodily injuries to one person with all injuries and damages to others which result from the one person's bodily injuries. Because the emotional stress of the Gochas would not have occurred *but for* the injury to Kyle, the "each person" limitation is applicable. We affirm the judgment.

The following facts are undisputed. On August 13, 1995, Kyle Gocha was riding his bike when he was struck by an automobile driven by Shimon. Kyle later died from the injuries he sustained. Four members of the Gocha family either witnessed the accident or witnessed the immediate aftermath of the accident. The Gochas filed suit against Shimon and State Farm seeking damages for Kyle's pain and suffering and for negligent infliction of emotional distress suffered by the Gochas as a result of witnessing the collision and/or the immediate effects of the collision.

At the time of the accident, Shimon had an automobile liability insurance policy with State Farm. The policy set limits of $100,000 for "each person" and $300,000 for "each accident." The Limits of Liability section states:

> The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability - Coverage A - Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

State Farm stipulated to liability for the death of Kyle and paid its "each person" limit of $100,000 to the Gochas.[1]

State Farm also moved for summary judgment seeking a declaration that the applicable limits of the policy were the $100,000 "each person" limitation rather than the $300,000 "each accident" limit. The Gochas argued that their claims for emotional distress increased the limits of liability under the policy to the "each accident" limit. The trial court granted State Farm's motion concluding that "[the] damages of the individual child who was killed as well as the damages of the bystanders, his parents and family are included within the definition of the limit applicable to a single person under the policy." The Gochas appeal.

■

When facts are undisputed and the issue involves only the interpretation of an insurance policy, a question of law is presented appropriate for resolution on summary judgment. *See Smith v. State Farm Fire & Cas. Co.*, 127 Wis. 2d 298, 301, 380 N.W.2d 372, 374 (Ct. App. 1985). An appeal from a grant of summary judgment raises an issue of law which we review de novo by applying the same standards employed by the trial court. *See Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994).

---

[1] Under the terms of the stipulation, the remaining issue was whether the $100,000 single limits of liability or the $300,000 "per accident" limits of liability was applicable. If the single limit was applicable, the Gochas agreed to give a full and complete release of all claims. If, however, the $300,000 "per accident" limit was applicable, then State Farm agreed to pay the remaining $200,000 in exchange for a full and complete release.

On appeal, the Gochas argue that *Bowen v. Lumbermens Mutual Casualty Co.*, 183 Wis. 2d 627, 660, 517 N.W.2d 432, 445–46 (1994), established an independent claim, separate from the impact victim, for emotional distress injuries to bystanders. The Gochas maintain that their *Bowen*-type injuries do not derive from Kyle's death; rather, their injuries arise from the trauma of seeing Kyle killed which is a separate, compensible bodily injury under the terms of the insurance policy.

The Gochas correctly point out that the *Bowen* court recognized the tort of negligent infliction of emotional distress in instances where a family member witnesses the death of another family member. *See Bowen*, 183 Wis. 2d at 659–60, 517 N.W.2d at 445. That the Gochas have suffered *Bowen*-type emotional injuries is not really contested; it however begs the real controversy. What is at issue here is whether State Farm's policy limits the Gochas' otherwise compensable injuries. We conclude that it does.

The controversy requires us to interpret State Farm's insurance policy. Construction of language in an insurance policy constitutes a question of law which we review independent of the trial court. *See American States Ins. Co. v. Skrobis Painting & Decorating, Inc.*, 182 Wis. 2d 445, 450, 513 N.W.2d 695, 697 (Ct. App. 1994). Insurance policies are reviewed pursuant to the rules of contract construction. *See School Dist. v. Wausau Ins. Cos.*, 170 Wis. 2d 347, 367, 488 N.W.2d 82, 88–89 (1992). We must construe the words of the policy provisions to give effect to the parties' intentions, and we must interpret the policy terms as would a reasonable person in the position of the insured. *See id.* "However, when the terms of the policy are

unambiguous and plain on their face, the policy should not be rewritten to include insurance coverage not agreed to by the parties and for which it was not paid." *Id.* at 367, 488 N.W.2d at 89.

In *Richie v. American Family Mutual Insurance Co.*, 140 Wis. 2d 51, 53, 409 N.W.2d 146, 146 (Ct. App. 1987), this court denied the claims of the injured person's wife and children for medical expenses and loss of consortium based on the limiting language of the insurance policy. Where only one person was injured, we determined that the policy limited recovery to one single maximum recovery. *See Richie*, 140 Wis. 2d at 55, 409 N.W.2d at 147. The limitation applied "irrespective of whether others who were not themselves injured in the accident may have derivative or ancillary claims for damages—such as medical expense payments or loss of consortium—arising out of the injuries to the first person." *Id.* We concluded that the " 'each person' limitation for 'bodily injury sustained by any one person' includes damages—such as medical expense liability or loss of consortium—sustained by others as a consequence of the person's injuries." *Id.* at 57–58, 409 N.W.2d at 148.

Despite the public policy gloss put forward by the Gochas, the answer to this controversy is also found in the language of State Farm's policy. The following policy language governs: "Under 'Each Person' is the amount of coverage for all damages due to *bodily injury* to one *person*. '*Bodily injury* to one *person*' includes all injury and damages to others resulting from this *bodily injury*." If only one person receives bodily injuries in an accident, the "each person" limit applies regardless of how many others may derive secondary claims from those injuries. The policy language is clear and unambiguous. The bodily injury to Kyle includes *all*

injury and damages *to others* resulting from Kyle's bodily injury. *But for* the bodily injury to Kyle, the Gochas would not have suffered any emotional injuries. Their injuries are the natural and probable consequence of witnessing the accident that killed Kyle.

We are unpersuaded by the Gochas' contention that "the insurance term 'bodily injury' includes emotional distress" of the injured person's relatives.[2] Similar to *Richie*, under the terms of the policy any and all injuries or damages to others that result from the bodily injury to one person fall under the "each person" limits, including emotional distress. Based upon the unambiguous terms of the insurance policy, the emotional injuries suffered by the Gochas which resulted from witnessing Kyle's accident trigger the "each person" limits. The injuries suffered by the Gochas arise out of Kyle's bodily injury, not their own.

Contrary to the Gochas' argument that to deny them recovery under the larger liability coverage would establish a "one impact" rule in Wisconsin, our decision does nothing more than give effect to the language of the policy. The Gochas' contention ignores the obvious fact that the severe emotional distress they suffered is not independent of the injuries to Kyle.

---

[2] The Gochas principally rely on *Tara N. v. Economy Fire & Casualty Insurance. Co.*, 197 Wis. 2d 77, 86–87, 540 N.W.2d 26, 30 (Ct. App. 1995), in support of their contention that bodily injury includes emotional damages. The discussion in *Tara N.* relating to bodily injury was limited in scope. The court was addressing only "the scope of 'bodily injury' as it applies to the party who sustained the physical injury—not the derivative claims of third parties." *Tara N.*, 197 Wis. 2d at 85 n.5, 540 N.W.2d at 29. *Tara N.* is inapposite.

Their injuries arise from the intensity of the emotional distress from seeing Kyle struck by the car and from coming upon the gruesome aftermath. *See Bowen*, 183 Wis. 2d at 659–60, 517 N.W.2d at 445. *Richie* teaches us that "bodily injury" is a narrow concept and applies only to the injuries the victim suffered in the accident.[3] *See Richie*, 140 Wis. 2d at 56–57, 409 N.W.2d at 147–48. There is no doubt that the Gochas' severe emotional distress is an injury, but it is not a separate bodily injury as defined under the limits of liability section of the policy. The severe emotional distress was not suffered by Kyle; rather, it was suffered by his family members in the wake of his accident. We conclude that the "each person" limits of the State Farm policy are applicable.

*By the Court.*—Judgment affirmed.

---

[3] *Tara N.* is consistent. There the court concluded that when "bodily injury" is applied to the party who sustained the injury it would include physical and psychological injuries. *See Tara N.*, 197 Wis. 2d at 86–87, 540 N.W.2d at 30. The court never addressed what is included in a dependent injury claim of third parties. *See id.* at 85 n.5, 540 N.W.2d at 29.