Mark R. KOSIERADZKI, Guardian ad Litem for Kyle Krumm, minor, Warren W. Wood, Guardian ad Litem for Karl Krumm and Alicia Krumm, Joyce Krumm, individually, and Kevin Krumm, individually, Plaintiffs-Respondents,†

v.

Lori MATHYS and Society Insurance, a mutual company, Defendants-Appellants,

SAFECO INSURANCE COMPANY OF ILLINOIS, Defendant,

BLUE CROSS BLUE SHIELD OF MINNESOTA, Blue Plus and State of Wisconsin Department of Health and Family Services, Subrogated-Parties.

Court of Appeals

*No. 02–0026–FT. Submitted on briefs May 2, 2002.—Decided June 25, 2002.*

2002 WI App 191

(Also reported in 649 N.W.2d 717.)

† Petition to review denied 9-26-02.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *James W. Mohr, Jr.* and *Mohr & Anderson, S.C.*, of Hartford.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Mark R. Kosieradzki* and *Kosieradzki Law Firm* of Minnetonka, MN.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.   Lori Mathys and Society Insurance appeal a summary judgment holding that Society's "each accident" limit applies in a personal injury case arising from an accident in which Mathys' car struck and injured Kyle Krumm.[1] Mathys and Society argue that the policy's "each person" limit applies because the claims of emotional distress made by Kyle's family members all arise out of Kyle's bodily injury. The Krumms maintain that the "each accident"

[1] The plaintiffs in the action are Mark Kosieradzki, guardian ad litem for Kyle Krumm; Warren Wood, guardian ad litem for Karl Krumm and Alicia Krumm; and Joyce Krumm and Kevin Krumm, individually. Their position on appeal is uniform, and we refer to them collectively as the Krumms.

This is an expedited appeal under WIS. STAT. RULE 809.17. All references are to the 1999–2000 version unless otherwise noted.

841

limit applies because they each suffered emotional distress, which has been recognized as a separate bodily injury. We conclude that *Estate of Gocha v. Shimon*, 215 Wis. 2d 586, 573 N.W.2d 218 (Ct. App. 1997), controls our decision and that, under the policy, the Krumms' claims are covered by the "each person" limit. Accordingly, we reverse the judgment.

BACKGROUND

¶ 2.   The facts are undisputed. On the morning of May 15, 1998, Mathys drove her vehicle along County Road I in Somerset, Wisconsin. Joyce, Kyle's mother, and Karl, Kyle's twin brother, were seated in the family vehicle in the Krumms' driveway. Kyle attempted to retrieve mail from the mailbox across the road from the Krumms' house. While crossing the road, Kyle was struck by Mathys' car. Joyce and Karl witnessed the accident and its immediate aftermath. Kyle's father, Kevin, and sister, Alicia, were in the house at the time of the accident. Both came to the scene immediately after the accident and also witnessed the aftermath.

¶ 3.   As a result of the accident, Kyle suffered a severe traumatic brain injury with central autonomic dysfunction. He remains severely disabled and is dependent upon others for daily living activities.

¶ 4.   The Krumms brought this action against Mathys and Society, among others. Joyce, Karl, Kevin and Alicia assert claims for emotional distress. The Society policy sets liability limits at $50,000 for "each person" and $100,000 for "each accident." The insurance policy defines "bodily injury" as "bodily harm, sickness or disease, including death that results." The policy further provides:

> The limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury Liability

is our maximum limit of liability for all damages, including damages for care, and loss of services [including loss of consortium] or [wrongful] death, arising out of "bodily injury" sustained by any one person in any one auto accident.

¶ 5.   The parties entered into a settlement agreement that provides that Society will pay its "policy limits." The Krumms sought a declaration that the applicable policy limit is the $100,000 for "each accident." Mathys and Society asked the court to declare that the $50,000 "each person" limitation applies here. Both parties moved for summary judgment. Because the Society policy does not contain exactly the same language as in *Gocha*, a case Mathys and Society argued was controlling, the trial court decided that the Krumms' emotional injuries did not trigger the "each person" limit and ordered that the "each accident" limit is applicable. On appeal, the only issue is whether the $100,000 "each accident" limit or the $50,000 "each person" limit applies.

LEGAL STANDARDS

¶ 6.   The review of a summary judgment is de novo, using the same methodology as the trial court. *M & I First Nat'l Bank v. Episcopal Homes Mgmt.*, 195 Wis. 2d 485, 496, 536 N.W.2d 175 (Ct. App. 1995). Summary judgment is appropriate where, as here, the record demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶ 7.   This case turns on the interpretation of the language in Mathys' insurance policy with Society, which is also a question of law we review de novo. *See*

*Danbeck v. American Fam. Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. An insurance policy is construed to give effect to the parties' intent, expressed in the policy language, which we interpret as a reasonable person in the position of the insured would understand it. *Id.* We give the words of an insurance policy their common and ordinary meaning. *Id.* Where the policy language is plain and unambiguous, we enforce it as written, without resort to rules of construction or case law.[2] *Id.*

### DISCUSSION

¶ 8. Mathys and Society argue that the "each person" limit applies because only Kyle suffered "bodily injury" and the other Krumms' emotional distress claims "arise out of" Kyle's injuries. The Krumms, on the other hand, argue that the policy's "each accident" limit applies to their emotional distress claims because (1) their claims are independent and non-derivative; (2) emotional distress is a claim for "bodily injury;" and (3) the insurance policy language here is distinguishable from *Gocha*. We agree with Mathys and Society.

¶ 9. *Richie v. American Fam. Mut. Ins. Co.*, 140 Wis. 2d 51, 57, 409 N.W.2d 146 (Ct. App. 1987), stands for the principle that "If only one person receives bodily

---

[2] Neither party argues that the policy language here is ambiguous. A policy is not rendered ambiguous simply because one party has offered a "remotely possible second interpretation." *United States Fire Ins. Co. v. Ace Baking Co.*, 164 Wis. 2d 499, 503, 476 N.W.2d 280 (Ct. App. 1991) (citation omitted). We therefore enforce the plain language of the policy by giving it its common and ordinary meaning. *See Danbeck v. American Fam. Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150.

injuries in a collision, the 'each person' limitation applies no matter how many others may derive secondary claims from those injuries."

¶ 10.   In *Bowen v. Lumbermen's Mut. Cas. Co.*, 183 Wis. 2d 627, 517 N.W.2d 432 (1994), our supreme court later held that emotional distress claims are independent, not derivative. The Krumms argue that, under *Bowen*, their claims are independent of Kyle's injuries, each of them is a person with a $50,000 limit, and they are subject only to the "each accident" limit. In *Gocha*, 215 Wis. 2d at 591, we rejected a similar argument based on the independent nature of *Bowen* emotional distress claims. How the law defines particular claims is immaterial. At issue is how the policy treats them, which is determined by the language of the policy. *Id.* That is, the language of the policy controls which limits apply because whether a claim is derivative does not affect the applicable limits. Here, as shown below, the policy language ties the Krumms' claims to the "each person" limit.

¶ 11.   In *Gocha*, 215 Wis. 2d at 588–89, we addressed whether "each person" or "each accident" limits applied where the facts were very similar to this case, and we concluded that the "each person" limit applied. Kyle Gocha was riding his bike when he was struck by a vehicle driven by Shimon. *Id.* at 589. Four members of the Gocha family either witnessed the accident or its immediate aftermath, and they sought damages for emotional distress. *Id.* The insurance policy in *Gocha* defined *"bodily injury to* one *person"* to include "all injury and damages to others resulting from this *bodily injury." Id.* The limits of liability section in the *Gocha* policy stated:

Under "Each Person" is the amount of coverage for all damages due to *bodily injury to* one *person. "Bodily*

> *injury to* one *person*" includes all injury and damages to others resulting from this *bodily injury.* Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same action.

*Id.* We determined that under the terms of the policy, the family's claims were subject to the "each person" limit rather than the "each accident" limit, noting, "*But for* the bodily injury to Kyle, the Gochas would not have suffered any emotional injuries." *Id.* at 593. We concluded, "the emotional injuries suffered by the Gochas which resulted from witnessing Kyle's accident trigger the 'each person' limits. *Id.* The injuries suffered by the Gochas arise out of Kyle's bodily injury, not their own." *Id.* We also stated that, as defined in the policy, " 'bodily injury' is a narrow concept and applies only to the injuries the victim suffered in the accident." *Id.* at 594.

¶ 12.    The Krumms attempt to distinguish *Gocha* by pointing out differences in the policy language. However, the critical language has the same effect. Both policies limit claims related to the bodily injury of one person to a certain coverage limit.

¶ 13.    The Krumms' claims trigger that limit here. The Society policy sets liability limits at $50,000 for "each person" and $100,000 for "each accident." It defines "bodily injury" as "bodily harm, sickness or disease, including death that results." The policy further provides:

> The limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability *for all damages,* including damages for care, and loss of services [including loss of consortium] or [wrongful] death, *arising out*

846

*of the "bodily injury" sustained by any one person* in any one auto accident. (Emphasis added.)

Although the language here refers to all damages arising out of injury to one person and does not specifically mention damage sustained by others, claims for "loss of services or death" necessarily include claims brought by persons other than the one injured in the accident. The policy here limits the recovery for all claims arising out of the injury of one person. Although those claims, such as emotional distress, may be independent and non-derivative and constitute "bodily injury," they arise out of the injury one person sustained.

¶ 14.    Here, Kyle sustained the injuries. But for Kyle's injuries, the rest of the Krumms would not have injuries or claims. Therefore, the "each person" limit applies and limits the Krumms' total recovery under the settlement agreement to $50,000. *See Gocha*, 215 Wis. 2d at 593.

*By the Court.*—Judgment reversed.