Dana CRANDALL, by her Guardian ad Litem, James R. Johnson, Jack Crandall and Linda Crandall, Plaintiffs-Appellants,†

v.

SOCIETY INSURANCE, a mutual company, Defendant-Respondent.

Court of Appeals

*No. 03–1453. Submitted on briefs December 23, 2003.— Decided January 27, 2004.*

2004 WI App 34

(Also reported in 676 N.W.2d 174.)

† Petition to review denied 4-20-04.

766

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Ardell W. Skow* and *Martha H. Heidt* of *Doar, Drill & Skow, S.C.*, Baldwin.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Arthur P. Simpson* and *Gary D. Lippow* of *Simpson & Deardorff, S.C.*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.  Dana, Jack and Linda Crandall appeal a summary judgment dismissing their claims against Society Insurance. The court concluded that the Society policy did not provide underinsured motorist (UIM) coverage for injuries Dana suffered in an automobile accident. The Crandalls argue that (1) the policy provides UIM coverage because Jack's garage operations are located in Wisconsin, and (2) the accident meets all the policy's requirements for UIM coverage. We disagree and affirm the order.

## BACKGROUND

¶ 2.  Jack Crandall owns Crandall Auto Body, located in Spring Valley. He has a Garage Business Owners policy issued by Society that contains UIM coverage. The policy's coverage has a $300,000 limit per accident. The introductory language to the UIM endorsement states:

> For a covered "auto" licensed or principally garaged, or "garage operations" conducted in Wisconsin, this endorsement modifies insurance . . . .

¶ 3.  On May 5, 2001, Crandall's daughter, Dana, was injured in an automobile accident. She was a passenger in the car, which was driven by her boyfriend, Casey Green. Green's liability insurance company paid Dana its limit of $50,000. Dana's personal policy paid an additional $100,000 under its UIM coverage. Dana then sought additional recovery from Society's UIM coverage.

¶ 4.  Society moved for summary judgment, claiming the UIM endorsement precluded coverage unless the accident involved a covered auto or occurred while the insured was engaged in garage operations. The

768

parties agree that the accident did not involve a covered auto nor did it occur while anyone was engaged in garage operations. The Crandalls argued, however, that the policy does not require the insured to be engaged in garage operations at the time of the accident. Instead, they argue the policy applied because Jack's garage operations are located in Wisconsin.

¶ 5.   The trial court held that the terms "covered auto" and "garage operations" were unambiguous. Because the vehicle involved in the accident was not a covered vehicle and because no one was engaged in garage operations at the time of the accident, the court concluded Society's UIM coverage did not apply. The court granted summary judgment in favor of Society.

## DISCUSSION

¶ 6.   This appeal involves the interpretation of an insurance policy and, therefore, presents a question of law that we review independently. *Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 810, 456 N.W.2d 597 (1990). We construe the language of an insurance policy using rules of construction similar to those applied to other contracts. *See Vogel v. Russo*, 2000 WI 85, ¶ 14, 236 Wis. 2d 504, 613 N.W.2d 177. If words or phrases in a policy are susceptible to more than one reasonable construction, they are ambiguous, *Smith*, 155 Wis. 2d at 810–11, and we will construe the policy as it would be interpreted by a reasonable insured. *Holsum Foods v. Home Ins. Co.*, 162 Wis. 2d 563, 568–69, 469 N.W.2d 918 (Ct. App. 1991). However, if the policy is not ambiguous, we will not rewrite it by construction to impose liability for a risk the insurer did not contemplate. *Taylor v. Greatway Ins. Co.*, 2001 WI 93, ¶ 10, 245 Wis. 2d 134, 628 N.W.2d 916.

¶ 7. The Crandalls argue the Society policy is ambiguous but do not state specifically what language in the policy is ambiguous. They merely state that ambiguous policy exclusions must be construed in favor of coverage. They do not contend that the accident involved a covered auto. We therefore focus on the language for garage operations. The Crandalls argue this means that because Jack's garage operations are located in Wisconsin the policy provides coverage. Society argues the policy only provides coverage when the insured is involved in garage operations at the time of the accident.

¶ 8. We agree with Society's interpretation and conclude that the policy language is unambiguous and requires that the accident occur while the insured is in the course of garage operations. We find support for our conclusion in the policy's use of the word "for." The policy states that the UIM coverage is "For . . . 'garage operations' conducted in Wisconsin." Thus, the policy affords coverage when an accident occurs when an insured is participating in garage operations. Dana's accident did not involve garage operations.

¶ 9. This interpretation is consistent with the fact that this is a policy for Crandall's business, not for him as an individual. It is issued to Jack Crandall doing business as Crandall Auto Body. The policy is described in various places within the policy as a businessowner's policy and a garage policy. It would be unexpected for this kind of policy to cover Crandall and his family under circumstances wholly unrelated to Crandall's business.

¶ 10. "Courts must read contracts to give a reasonable meaning to each provision and avoid a con-

struction that renders portions of a contract meaningless." *Isermann v. MBL Life Assur. Corp.*, 231 Wis. 2d 136, 153, 605 N.W.2d 210 (Ct. App. 1999). Under the Crandalls' interpretation, the provision regarding covered autos would be rendered meaningless because the presence of Crandall's garage operations in Wisconsin would provide coverage in all instances. We cannot conclude that the parties intended that there be coverage under any circumstances simply because the Crandalls' business is located in Wisconsin. If they had, the addition of the covered auto language would have been unnecessary and superfluous.

¶ 11.   The Crandalls improperly rely on Society's underwriting file for support of their interpretation of the policy. The underwriting file directs the parties to specific state supplements to determine which law to use in certain circumstances. However, we are only to construe the contract language, and not other sources such as underwriting files. *See Grotelueschen v. American Family Mut. Ins. Co.*, 171 Wis. 2d 437, 447, 492 N.W.2d 131 (1992). The Crandalls point us to no authority that would authorize us to look beyond the four corners of the contract. Further, we see no connection between Society's underwriting file and the introductory language in the UIM policy.

¶ 12.   The Crandalls argue that Society's interpretation is unreasonable. First, they claim that the introductory language to the UIM endorsement is simply a choice of law provision. However, the clause does not simply state that Wisconsin law applies. Indeed, there would be no reason for a policy to state that Wisconsin law applies to accidents or garage operations occurring in Wisconsin. Rather, the statement indicates when the UIM coverage applies and when it does not apply.

¶ 13.  Second, the Crandalls argue that Society's position conflicts with the policy declarations, which state the UIM endorsement is "applicable to all premises and coverages." However, the Crandalls read this phrase in isolation. Looking at this phrase alone, it would appear that the policy applies in every situation with no exceptions. This is not the case as the policy is subject to various exclusions and definitions. We review the provisions of an insurance contract in the context of the entire policy. *Tara N. v. Economy Fire & Cas. Ins. Co.*, 197 Wis. 2d 77, 90–91, 540 N.W.2d 26 (Ct. App. 1995). Here, there is no UIM coverage unless an accident involves a covered auto or the insured is engaged in garage operations at the time of the accident. Neither is the case here. There is no coverage so the UIM endorsement cannot apply.

¶ 14.  Third, the Crandalls argue that under Society's interpretation, accidents occurring outside Wisconsin would be excluded from UIM coverage. They argue this would violate Wis. Stat. § 344.33(2)[1] because the policy would improperly put territorial limits on UIM coverage. We note that it is irrelevant whether the policy applies to out-of-state accidents because the accident in fact occurred in Wisconsin. Further, the UIM policy does provide coverage for out-of-state accidents in certain circumstances. For example, there would be coverage for an accident occurring in another state involving a covered auto principally garaged in Wisconsin.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 15. However, even if coverage had been denied due to a territorial exclusion, the exclusion does not violate WIS. STAT. § 344.33(2). The statute states:

Motor vehicle liability policy. A motor vehicle policy of liability insurance shall insure the person named therein using any motor vehicle with the express or implied permission of the owner, or shall insure any motor vehicle owned by the named insured and any person using such motor vehicle with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the maintenance or use of the motor vehicle within the United States of America or the Dominion of Canada . . . .

This statute does not support the Crandalls' argument because it applies only to liability policies, not UIM coverage. The statute is therefore inapplicable in this case. Furthermore, Wisconsin law does not prohibit territorial requirements for UIM coverage. In *Clark v. American Family Mut. Ins. Co.*, 218 Wis. 2d 169, 176, 577 N.W.2d 790 (1998), our supreme court stated, "We . . . discern no case law which prohibits territorial exclusions for uninsured motorist coverage." The court specifically concluded that the language of WIS. STAT. § 344.33(2) does not apply to uninsured motorist coverage. *Id.* at 175–76. Likewise, we come to the same conclusion regarding territorial exclusions for underinsured motorist coverage. The law expressly allows exclusions not otherwise prohibited by law. *Id.* at 171.

¶ 16. Finally, the Crandalls cite a number of out-of-state cases for the proposition that family members of an insured are covered even if the accident is not business related. *See Bushey v. Northern Assur. Co.*, 766 A.2d 598 (Md. 2001); *Stoddard v. Citizens Ins. Co. of*

*Am.*, 643 N.W.2d 265 (Mich. App. 2002); *Reisig v. Allstate Ins. Co.*, 645 N.W.2d 544 (Neb. 2002). However, none of these cases discusses the application of "garage operations" within a UIM policy. Consequently they do not aid us in our determination in this case.[2]

*By the Court.*—Order affirmed.

---

[2] The Crandalls raise additional arguments to establish that Dana is an insured and that none of the UIM exclusions applies. However, those arguments do not create coverage, contrary to what the Crandalls seem to suggest. Rather, coverage must first be established. Then, if the policy provides coverage we would, for example, analyze whether any exclusions apply. However, because we have concluded there is no coverage, we do no address the Crandalls' additional arguments.