Thomas THOMPSON and Marie Thompson, d/b/a
TMJ's Supermarket, Plaintiffs-Appellants,†

v.

THRESHERMEN'S MUTUAL INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

No. 92-0928. Submitted on briefs October 5, 1992.—Decided
November 3, 1992.

(Also reported in 493 N.W.2d 734.)

†Petition to review denied.

276

277

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Beverly Wickstrom* of *Misfeldt, Stark, Richie & Wickstrom* of Eau Claire.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William M. Gabler* of *Garvey, Anderson, Johnson, Gabler & Geraci, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Thomas and Marie Thompson appeal a summary judgment denying their claims for reimbursement under the "Extra Expense" and "Money and Securities" sections of a Threshermen's Mutual Insurance Company Businessowners Policy held by the Thompsons. Because the policy did not cover these claims, we affirm the summary judgment.

Thomas and Marie Thompson owned and operated a supermarket in Gillett, Wisconsin. The Thompsons rented the building that housed the supermarket and held a Businessowners Policy that contemplated their status as renters. A fire destroyed the supermarket building, along with most of the Thompsons' equipment, fixtures and wares. Although the Thompsons hoped to resume operation of the supermarket, their landlord opted not to rebuild and the Thompsons were unable to locate other suitable rental space. Therefore, the Thompsons built their own structure for the supermarket. The crux of this dispute is whether costs associated with the building of a new structure by an insured tenant are covered by the policy.

After the fire, the Thompsons submitted a sworn statement in proof of loss and Threshermen's paid them the following amounts:

| | |
|---|---|
| Demolition Costs | 10,475.00 |
| Unspecified Payment | 120,000.00 |
| Contents & Debris Removal | 34,525.00 |
| Loss of Earnings | 30,000.00 |
| Money & Securities | 4,138.47 |
| Balance of Business Interruption | 7,529.00 |
| Extra Expense | 2,147.96 |
| | $208,815.43 |

Threshermen's rationale for this payout was that the business personal property coverage[1] limited to $160,000 and an additional debris removal coverage[2] of $5,000 were paid out by the first three payments shown above. The remaining "Loss of Earnings" (or "Business Interruption"),[3] "Money and Securities"[4] and "Extra Expense"[5] coverage was paid by the other payouts. The Thompsons, however, felt they were due more under both the Extra Expense and Money and Securities provisions of the policy.

The Thompsons commenced an action seeking additional coverage under these sections. Both parties moved for summary judgment. With a limited exception

[1] This coverage appears in the Businessowners Special Property Coverage Form, under section A. Coverage, 1. Covered Property, b. Business Personal Property.

[2] Businessowners, *supra,* at sec. A. Coverage, 5. Additional Coverages, a. Debris Removal.

[3] Businessowners, *supra,* at sec. A. Coverage, 5. Additional Coverages, f. Business Income.

[4] Businessowners, *supra,* at sec. G. Optional Coverages, 2. Money and Securities.

[5] Businessowners, *supra,* at sec. A. Coverage, 5. Additional Coverage, g. Extra Expense.

not related to this appeal,[6] the trial court ruled that no additional coverage was provided and granted summary judgment to Threshermen's. The Thompsons appealed.

In reviewing a grant of summary judgment, this court applies the same standards as the trial court. A motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Griebler v. Doughboy Recreational, Inc.,* 160 Wis. 2d 547, 559, 466 N.W.2d 897, 902 (1991). Both sides agree that there are no disputed facts and the only issue presented, construction of the insurance contract, is an issue of law that we review without deference to the trial court. *Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369, 374 (1987).

When the terms of an insurance policy are plain on their face, the court need not resort to construction or caselaw to augment the meaning of the policy's plain language. *Paape v. Northern Assur. Co.,* 142 Wis. 2d 45, 51, 416 N.W.2d 665, 668 (Ct. App. 1987). The Thompsons argue that the policy is plain on its face and calls for the coverage requested. We disagree. We conclude that the Extra Expense and Money and Securities sections do not provide coverage.

## EXTRA EXPENSE SECTION

The applicable Extra Expense portion of the insurance policy reads:

---

[6] Actually, the court found that coverage was available under the "Extra Expense" section for the Thompsons' accountant fees. However, on appeal, the Thompsons have conceded that coverage does not exist for the accountant fees.

We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property . . . caused by or resulting from a Covered Cause of Loss.

Extra Expense means expenses incurred:

(1) To avoid or minimize the suspension of business and to continue "operations":

 (a) At the described premises; or

 (b) At replacement premises or at temporary locations, including:

 (i) Relocation expenses; and (ii) Costs to equip and operate the replacement or temporary locations.

 . . ..

We will only pay for Extra Expense that occurs within 12 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance.

Under the Extra Expense section of the policy, the Thompsons claim approximately $130,000 worth of expenses involved in the building of the new structure.[7] They correctly contend that all of the costs were incurred within the "period of restoration." Further, they state that consistent with coverage under the pol-

---

[7] These items include a builder's risk insurance premium, a building permit, a loan guarantee fee, refrigeration equipment, installation of a furnace, plumbing, electrical work, Wisconsin Gas hookup, temporary electrical hookup, electricity for equipping the new supermarket, payroll costs, refuse removal and a new sign.

icy, the expenses were incurred to minimize the suspension of business and to continue "operation" at replacement premises or temporary locations. According to the policy, these expenses may be either "relocation expenses" or "costs to equip and operate the replacement . . . locations." They contend that the terms "relocation expenses" and "costs to equip and operate the replacement . . . locations" are unambiguous. Because these terms are reasonably susceptible to more than one meaning, we conclude they are ambiguous, and their meaning must be construed. *Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 735-36, 351 N.W.2d 156, 163 (1984).

Insurance policies should be construed in accordance with what a reasonable person in the position of the insured would have understood them to mean. *Kenosha Beef Int'l v. North River Ins. Co.*, 151 Wis. 2d 655, 659, 445 N.W.2d 703, 705 (Ct. App. 1989). Although courts frequently state that ambiguous language in a policy is construed against the drafting insurer, this rule should not be applied until other rules of interpretation have been exhausted. *Lechner v. Scharrer*, 145 Wis. 2d 667, 673, 429 N.W.2d 491, 494 (Ct. App. 1988); *Hemerley v. American Fam. Mut. Ins. Co.*, 127 Wis. 2d 304, 309, 379 N.W.2d 860, 863 (Ct. App. 1985).

Insurance policies should be given a reasonable interpretation and not one that leads to absurd results, *Olguin v. Allstate Ins. Co.*, 71 Wis. 2d 160, 165, 237 N.W.2d 694, 697 (1976), and construction should not bind an insurer to a risk it did not contemplate. *Gonzalez v. City of Franklin*, 137 Wis. 2d 109, 122, 403 N.W.2d 747, 762 (1987).

The items the Thompsons seek additional coverage for under the Extra Expense section were either items (or costs associated with acquiring such) that they had owned previous to the fire or items (or costs associated with acquiring such) that their landlord would have owned previous to the fire. The items they owned were covered by the bulk of the policy that had a $160,000 limit. Neither party contemplated additional coverage for these items under the Extra Expense portion of the policy. *See id.* The items the Thompsons' former landlord would have owned are properly considered items for which the Thompsons were paying rent, and would have continued to pay rent. If we were to construe coverage for these items under the Extra Expense section, the Thompsons, renters, would have received ownership of a new building as payoff from their insurance policy.

■■■
We will not construe an insurance policy to provide coverage that was not contemplated by either the insurer or the insureds,*see id.* at 122, 403 N.W.2d at 762, and leads to this absurd result. *See Olguin,* 71 Wis. 2d at 164-65, 237 N.W.2d at 696-97.

### MONEY AND SECURITIES SECTION

■■■
The Thompsons attempt to claim the value of lottery tickets and coupons that were on the premises when it burned down under the Money and Securities section of the policy. Because the Money and Securities provisions are clear on their face, we need not resort to construction or caselaw to augment the meaning of their language. *See Paape,* 142 Wis. 2d at 51, 416 N.W.2d at 668. We conclude that neither lottery tickets nor coupons are money or securities, and therefore the policy on its face does not provide for coverage.

The "Money and Securities" section of the insurance policy states:

> We will pay for loss of money and securities used in your business while . . . at the described premises . . . resulting directly from: . . .
> (3) Destruction.

Because sec. 138.01, Stats., commands that "[t]he money of account of this state shall be the dollar, cent and mill," lottery tickets and coupons cannot be considered money. Section 551.02(13), Stats., contains the definition of securities and mentions nothing that could be considered to include either lottery tickets or coupons. These items are not covered by the policy.

*By the Court.*—Judgment affirmed.