James A. Billington and Patricia A. Billington, Plaintiffs-Co-Appellants,
v.
Wilbert C. Oldenhoff, Defendant-Appellant,
American Standard Insurance Company of Wisconsin, Defendant-Respondent,
Network Health Plan of Wisconsin, Inc., Allstate Insurance Company, and General Casualty Company of Wisconsin, Defendants.
No. 04-0059-FT.
Court of Appeals of Wisconsin.
Opinion Filed: June 10, 2004.
Before Deininger, P.J., Dykman and Lundsten, JJ.
¶1 PER CURIAM.
Wilbert Oldenhoff, James Billington and Patricia Billington (collectively, "Oldenhoff") appeal the circuit court`s order granting summary judgment in favor of American Standard Insurance Company. The issue is whether Oldenhoff`s Ford van is a vehicle covered under his automobile insurance policy. This case was placed on the expedited appeals calendar pursuant to WIS. STAT. RULE 809.18 (2001-02).[1] We affirm.
¶2 We review summary judgments de novo applying the same methodology as the circuit court. Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315-17, 401 N.W.2d 816 (1987). The methodology is well established and need not be repeated here. See, e.g., Lambrecht v. Estate of Kaczmarczyk, 2001 WI 25, ¶¶20-24, 241 Wis. 2d 804, 623 N.W.2d 751. The interpretation of an insurance contract and whether coverage exists under a given contract are questions of law we review independently. Ledman v. State Farm Mut. Auto Ins. Co., 230 Wis. 2d 56, 61, 601 N.W.2d 312 (Ct. App. 1999).
¶3 The relevant language in Oldenhoff`s policy states:
14. Your insured car means:
a. Any car described in the declarations and any private passenger car or utility car you replace it with. You must tell us within 30 days of its acquisition.
b. Any additional private passenger car or utility car of which you acquire ownership during the policy period, provided:
1) If it is a private passenger car or utility car, we insure all of your other private passenger cars; or
2) ....
You must tell us within 30 days of its acquisition that you want us to insure the additional car.
c. ....
d. Any car or utility trailer not owned by you being temporarily used as a substitute for any other vehicle described in this definition, because of its withdrawal from normal use due to breakdown, repair, servicing, loss or destruction. (Emphasis deleted).
¶4 Language in an insurance contract
is to be given the common and ordinary meaning it would have in the mind of a lay person. Words or phrases in a contract are ambiguous when they are fairly susceptible to more than one construction.... Where no ambiguity exists in the terms of the policy, we will not engage in construction, but will merely apply the policy terms.
Maryland Cas. Co. v. Ben-Hur, 203 Wis. 2d 411, 418, 553 N.W.2d 535 (Ct. App. 1996) (quoting Kremers-Urban Co. v. Am. Employers Ins., 119 Wis. 2d 722, 735, 351 N.W.2d 156 (1984)).
¶5 The policy is not ambiguous. Under section 14(a), the policy covers a vehicle that is acquired to replace an insured vehicle. Oldenhoff did not acquire his van to replace his Tempo. He had already owned the van for eight years when he began to use it instead of the Tempo because the Tempo had been damaged. Oldenhoff contends that the van was "acquired" for purposes of the policy at the point that he began to use it in place of his Tempo. This reading ignores the meaning of the word "acquire." To "acquire" a vehicle means "[t]o gain possession of" it. AMERICAN HERITAGE DICTIONARY 15 (4th ed. 2000). The policy anticipates a future eventacquisition of the replacement carsubsequent to the issuance of the policy. Oldenhoff had title to and possession of the van long before the policy was issued. Therefore, it is not covered under the policy.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.