Joseph MULLEN and Estate of Renee K. Petit, by Joseph Mullen, Special Administrator, Plaintiffs-Appellants,†

v.

Douglas J. WALCZAK, ABC Insurance Company, Daniel Wheeler, DEF Insurance Company and Primax Recoveries Company, Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 02–0129. Submitted on briefs August 27, 2002.—Decided September 10, 2002.*

2002 WI App 254

(Also reported in 653 N.W.2d 529.)

† Petition to review granted 12-10-02.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *D. James Weis* of *Habush, Habush & Rottier, S.C.* of Rhinelander.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John A. Kramer* and *Michael J. Roman* of *Zalewski, Klinner & Kramer, LLP* of Wausau.

On behalf of the The Wisconsin Academy of Trial Lawyers, the cause was submitted on the amicus curiae brief of *William C. Gleisner, III* of Milwaukee, and *Nancy M. Rottier* of Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Joseph Mullen and the estate of Renee Petit appeal a summary judgment in favor of American Family Mutual Insurance Company. The circuit court granted American Family's motion for summary judgment after it determined Mullen's emotional injuries arising from witnessing his wife Petit's death were covered by Petit's, rather than Mullen's, "each person" limit under Mullen's uninsured motorist policy. On appeal, Mullen argues·his emotional injuries from witnessing Petit's death are covered by his "each person" limit under American Family's policy because these injuries arise from his own bodily injuries. Because Mullen's emotional injuries arise from Petit's injuries, we determine the policy limits Mullen's recovery for these damages to Petit's "each person" limit. We therefore affirm the circuit court's judgment.

## BACKGROUND

¶ 2. On May 31, 1996, Mullen and Petit were involved in an automobile accident caused by Douglas Walczak, who was uninsured. Petit died in the accident and Mullen suffered severe injuries. In 1999, Mullen, personally and as the administrator of his wife's estate, brought suit to recover under their uninsured motorist policy, issued by American Family. The policy provides coverage of $100,000 for "each person." The policy limits American Family's liability by establishing the "each person" limit as the maximum it will pay "for all damages sustained by all persons as the result of bodily injury to one person in any one accident."

¶ 3. Mullen brought a wrongful death claim on behalf of the estate, and he and American Family settled the claim for $100,000, exhausting the coverage under Petit's "each person" limit. Mullen also sought to recover for his own physical and emotional injuries, as

well as the emotional injuries he suffered from witnessing his wife's death. He and American Family stipulated his physical injuries and the emotional injuries arising from them totaled $50,000.[1] American Family refused to cover Mullen's emotional injuries stemming from his wife's death. On its motion for summary judgment, American Family argued because those damages arose from Petit's injuries, under the policy they had to be paid from Petit's "per person" limit, which was exhausted by the wrongful death settlement. Mullen argued these injuries arose from his own bodily injuries and were payable under his own "per person" limit. The circuit court granted American Family's motion for summary judgment and denied Mullen's motion to reconsider. Mullen appeals.

## STANDARD OF REVIEW

¶ 4. Insurance coverage issues can be resolved on summary judgment. *Meyer v. City of Amery*, 185 Wis. 2d 537, 542, 518 N.W.2d 296 (Ct. App. 1994). Interpretation of an insurance contract is a question of law that

---

[1] Our review of the record does not reveal that Mullen ever claimed he suffered emotional injuries as a result of his own physical injuries. In his brief, however, he asserts he made this claim, but admits the $50,000 stipulation included both his physical injuries and the emotional injuries arising from them. Because of his admissions in his brief, in addition to our review of the record, we determine the only emotional injuries we must address are those Mullen suffered as a result of witnessing his wife's death. Although it is then irrelevant whether Mullen claimed he experienced emotional injuries as a result of his own physical injuries, we will continue to refer to them because we believe the distinction between the two types of emotional injuries is helpful to our resolution of this appeal.

we review independently, although benefiting from the trial court's analysis. *Hull v. State Farm Mut. Auto. Ins. Co.*, 222 Wis. 2d 627, 636, 586 N.W.2d 863 (1998). When the terms of an insurance policy are unambiguous, we will not rewrite the policy by construction. *Taylor v. Greatway Ins. Co.*, 2001 WI 93, ¶ 10, 245 Wis. 2d 134, 628 N.W.2d 916.

## DISCUSSION

¶ 5. The facts are not in dispute, and neither party suggests summary judgment was procedurally inappropriate to resolve this matter. The only issue is the interpretation of Mullen's uninsured motorist policy. As noted, the policy provides $100,000 coverage for bodily injury to "each person." In addition, the policy limits American Family's liability under the "each person" limit by stating the limit is the maximum it will pay "for all damages sustained by all persons as the result of bodily injury to one person in any one accident."

¶ 6. The circuit court, relying on *Estate of Gocha v. Shimon*, 215 Wis. 2d 586, 573 N.W.2d 218 (Ct. App. 1997), determined the emotional injuries Mullen suffered as a result of witnessing his wife's death resulted from her bodily injuries and were therefore subject to her "each person" limit. On appeal, Mullen argues *Gocha* is not applicable to his situation. He contends the emotional injuries arose from his own bodily injuries and should be compensated from his own "each person" limit.

¶ 7. In *Gocha*, we addressed whether "each person" or "each accident" limits applied to family members' emotional distress claims resulting from witnessing an accident involving Kyle Gocha. *Id.* at 588. There,

the policy contained a limit on liability similar to the one here. It made the "each person" limit the maximum amount of coverage for bodily injuries to one person. *Id.* at 589. It then defined "bodily injury to one person" to include "all injury and damages to others resulting from this bodily injury." *Id.* We determined the family members' claims were subject to Kyle's "each person" limit because their injuries resulted from his bodily injury. *Id.*

¶ 8. Mullen argues *Gocha* is inapplicable because there, the other family members did not suffer bodily injury, while here, Mullen was injured in the accident. He admits the *Gocha* policy language has the same meaning as American Family's, but argues this factual distinction results in coverage. Mullen argues the *Gocha* claims were "bystander" claims for negligent infliction of emotional distress, recognized by *Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 517 N.W.2d 432 (1994). Because he was involved in the accident, Mullen argues he is not a bystander and the emotional damages arise from his own injuries.

¶ 9. We disagree. The focus of our decision in *Gocha* was that, but for Kyle's bodily injuries, the family members would not have suffered emotional distress and, under the terms of the policy, that distress was compensable only from the "each person" limit. *Id.* at 593. Similarly, but for the death of his wife, Mullen would not have an emotional distress claim based on witnessing her death. That he suffered his own injuries is irrelevant to the issue of how the policy covers claims that result from bodily injury to another person.

¶ 10. Mullen suggests the emotional distress from witnessing his wife's death does result from his own injuries. In support he relies on *Redepenning v. Dore*, 56 Wis. 2d 129, 201 N.W.2d 580 (1972); *Vinicky v. Midland*

933

*Mut. Cas. Ins. Co.*, 35 Wis. 2d 246, 151 N.W.2d 77 (1967); and *Rennick v. Fruehauf Corp.*, 82 Wis. 2d 793, 264 N.W.2d 264 (1978). These cases, however, do not support Mullen's proposition.

¶ 11. In *Redepenning*, a mother sought recovery for injuries she sustained in an automobile accident. *Redepenning*, 56 Wis. 2d at 132. Her daughter died in the accident, and the mother's claims included one for emotional distress. In upholding the jury's damage award, the supreme court noted the mother's emotional distress was caused both by her own physical injuries as well as witnessing her daughter's death. *Id.* at 143. The court said it was impossible to adequately separate these two causes of the damage. *Id.*

¶ 12. We cannot say *Redepenning* requires us to determine Mullen's emotional damage from witnessing his wife's death arose from his own personal injuries. While the *Redepenning* court did note it could not separate the causes of the mother's emotional distress, Mullen and American Family were able to do it in this case. The parties settled Mullen's claim for his physical injuries and any emotional distress that arose from them for $50,000. The only claim at issue is Mullen's distress from witnessing his wife's death. Under the policy, that damage is subject to her "each person" limit.

¶ 13. Nor do we find *Vinicky* persuasive. In *Vinicky*, a boy and his father were in an automobile accident. *Vinicky*, 35 Wis. 2d at 248. While the boy only suffered minor injuries, he experienced extreme emotional distress as a result of seeing his father severely injured and believing him to have died in the accident. *Id.* at 253. In upholding an award of damages to the boy for his emotional distress, the supreme court noted there was no doubt "that mental distress caused by the accident is properly compensable." *Id.* Mullen also

points to a later discussion of *Vinicky* in *Rennick* where the supreme court said "where the plaintiff can demonstrate physical injury at the time of the accident, plaintiff may also prove and collect damages for emotional injury arising from the accident. Such emotional injury need not arise from the plaintiff's distress over his own physical injuries." *Rennick*, 82 Wis. 2d at 805.

██

¶ 14. Mullen argues these cases state he is entitled to recover his damages for emotional distress from witnessing his wife's death. We agree. The issue before us, however, is how Mullen's uninsured motorist policy treats these claims. It unambiguously limits American Family's liability for all damages arising from one person's bodily injuries to the "each person" limit. Here, the emotional distress Mullen suffered by witnessing his wife's death arose from her bodily injury. Undoubtedly, this distress was severe. Nonetheless, American Family has already exhausted Petit's "each person" limit and is not required to provide coverage for any other damages that arose from her death.

*By the Court.*—Judgment affirmed.