Joseph MULLEN and Estate of Renee K. Petit, by Joseph Mullen, Special Administrator, Plaintiffs-Appellants-Petitioners,

v.

Douglas J. WALCZAK, ABC Insurance Company, Daniel Wheeler, DEF Insurance Company and Primax Recoveries Company, Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Supreme Court

*No. 02–0129. Oral argument April 8, 2003.—Decided July 1, 2003.*

## 2003 WI 75

(Also reported in 664 N.W.2d 76.)

For the plaintiffs-appellants-petitioners there were briefs by *D. James Weis* and *Habush Habush & Rottier, S.C.,* Rhinelander, and oral argument by *D. James Weis.*

For the defendant-respondent there was a brief by *John A. Kramer, Michael J. Roman,* and *Zalewski, Klinner & Kramer, LLP,* Wausau, and oral argument by *John A. Kramer.*

An amicus curiae brief was filed by *William C. Gleisner, III,* Milwaukee, on behalf of the Wisconsin Academy of Trial Lawyers.

¶ 1. WILLIAM A. BABLITCH, J. Joseph Mullen (Mullen) petitions this court for review of a court of appeals' decision, which held that Mullen's claim for emotional distress, resulting solely from witnessing the death of his wife, should be paid out of his wife's "per person" liability limit under their American Family insurance policy. *Mullen v. Walczak,* 2002 WI App 254, 257 Wis. 2d 928, 653 N.W.2d 529. We agree. Based on the parties' stipulation that Mullen's claim for emotional distress is solely the result of witnessing his wife's death and on the plain language of the American Family insurance policy, we conclude that Mullen's claim must be compensated out of his wife's "per person" liability limit. Accordingly, we uphold the decision of the court of appeals.

## FACTS AND PROCEDURAL HISTORY

¶ 2. The relevant facts are undisputed. On May 31, 1996, Mullen and his wife, Renee Petit (Petit), were involved in an automobile accident that was caused by Douglas Walczak, an uninsured motorist. Petit died in the accident, and Mullen suffered serious physical injuries. Mullen witnessed the death of his wife at the scene.

¶ 3. In 1999, Mullen commenced an action both personally, and as the administrator of Petit's estate, for the wrongful death of Petit and Mullen's personal

710

injuries. Mullen sought to recover under their automobile insurance policy issued by American Family, which provided uninsured motorists coverage. Mullen sued for: (1) the wrongful death of Petit; (2) his own physical injuries; and (3) the emotional distress he suffered as the result of witnessing Petit's death. Only the emotional distress injury is at issue in this case.

¶ 4. Under the American Family policy, the "Limits of Liability" for uninsured motorists coverage provided that the "limit for 'each person' is the maximum for all damages sustained by all persons as the result of **bodily injury** to one person in any one accident." The policy provided uninsured motorist limits of $100,000 per person and $300,000 per accident.

¶ 5. Mullen and American Family settled the wrongful death claim arising out of Petit's death for $100,000, thereby exhausting Petit's "per person" liability limit. Mullen and American Family also stipulated that Mullen's claim for his physical injuries totaled $50,000. Additionally, Mullen and American Family stipulated that Mullen "sustained and continues to suffer from emotional distress that resulted *solely* from witnessing his wife's death." (Emphasis added.)

¶ 6. Based on the stipulation, American Family refused to cover Mullen's emotional injuries resulting from his wife's death. American Family filed a motion for summary judgment, arguing that since Mullen's emotional distress arose from his wife's death, those damages would have to be paid out of Petit's "per person" limit, which had already been exhausted by the wrongful death settlement. Mullen responded that his emotional injuries were part of his own bodily injuries, and were thus payable out of his own "per person" limit, of which $50,000 remained.

¶ 7. The circuit court for Lincoln County, Judge J. Michael Nolan presiding, agreed with American Family and granted its motion for summary judgment. The circuit court concluded that Mullen's damages for his emotional distress, as a result of witnessing his wife's death, was subject to Petit's "each person" limit since Mullen's emotional distress was the result of Petit's bodily injuries, citing *Estate of Gocha v. Shimon,* 215 Wis. 2d 586, 573 N.W.2d 218 (Ct. App. 1997). Mullen filed a motion for reconsideration, which was denied.

¶ 8. Mullen appealed and argued that *Gocha* was not applicable because that case involved "bystander" claims of family members. Unlike the facts in *Gocha,* Mullen emphasized that he was involved in the accident with his wife, and was physically injured as a result. Mullen contended that since there were two physically injured persons in the accident, two "per person" liability limits should be available. Mullen asserted that all damages sustained by him were his own bodily injuries in the accident. As such, he claimed that these injuries should be properly compensated from his "per person" limit.

¶ 9. The court of appeals disagreed. After surveying the case law and reviewing the decision in *Gocha,* the court of appeals stated that "but for the death of his wife, Mullen would not have an emotional distress claim based on witnessing her death." *Mullen,* 257 Wis. 2d 928, ¶ 9. The court concluded, "[t]he parties settled Mullen's claim for his physical injuries and any emotional distress that arose from them for $50,000. The only claim at issue is Mullen's distress from witnessing his wife's death. Under the policy, that damage is subject to her 'each person' limit." *Id.,* ¶ 12.

¶ 10. Mullen petitioned this court for review, which was granted on December 10, 2002.

712

## STANDARDS OF REVIEW

██

¶ 11. A grant of summary judgment is reviewed de novo using the same methodology as the circuit court. *Ahrens v. Town of Fulton,* 2002 WI 29, ¶ 15, 251 Wis. 2d 135, 641 N.W.2d 423. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wis. Stat. § 802.08(2) (2001–02).

¶ 12. The interpretation of an insurance contract is a question of law that this court reviews de novo. *Danbeck v. Am. Family Mut. Ins. Co.,* 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. An insurance policy is construed to give effect to the intent of the parties, as expressed by the language of the policy itself, which is interpreted as a reasonable person in the position of the insured would understand it. *Garriguenc v. Love,* 67 Wis. 2d 130, 134–35, 226 N.W.2d 414 (1975). The words of an insurance policy are given their common and ordinary meaning. *Henderson v. State Farm Mut. Auto. Ins. Co.,* 59 Wis. 2d 451, 457–59, 208 N.W.2d 423 (1973). "When a policy is clear and unambiguous on its face, the terms of that policy should not be rewritten by construction to bind an insurer to a risk it never contemplated or was willing to cover, and for which it was never paid." *Gonzalez v. City of Franklin,* 137 Wis. 2d 109, 122, 403 N.W.2d 747 (1987) (citing *Limpert v. Smith,* 56 Wis. 2d 632, 640, 203 N.W.2d 29 (1973)).

¶ 13. Applying these standards of review, we address whether Mullen's claim for emotional distress,

solely as the result of witnessing his wife's death, must be paid out of his wife's "per person" uninsured motorists liability limit.

## ANALYSIS

¶ 14. Mullen argues that his claim for emotional distress should be covered by his "each person" limit because all of his injuries, both physical and emotional, from whatever source, should be covered by his "per person" limit. Mullen also argues that *Gocha* does not control the outcome of this case because it dealt with "bystander" claims that are not present in this case. Mullen maintains that because he suffered a physical injury, he is entitled to collect for all the damages he sustained in the accident, including the emotional distress he suffered from witnessing his wife's death.

¶ 15. In *Gocha*, the court of appeals addressed whether the "each person" or "each accident" liability limit applied to emotional distress claims of family members who witnessed an accident involving Kyle Gocha. *Gocha*, 215 Wis. 2d at 589. Kyle was fatally injured while riding his bicycle when he was struck by an automobile. *Id*. The plaintiffs were four members of Kyle's family—none of whom were involved in the accident or physically injured. *Id*. The insurance policy in the case had "limits of liability" language similar to the American Family policy in this case, with limits of $100,000 for "each person" and $300,000 for "each accident." *Id*. The insurance company paid $100,000 to the Gochas for Kyle's death pursuant to the "each person" liability limit. *Id*. at 590. The Gochas contended that their emotional distress claims from witnessing Kyle's death entitled them to an additional $200,000 under the "each accident" limit. The Gochas argued that

the "emotional injuries suffered by family members who witness the death of another family member are a separate and independent direct action entitling the emotionally injured family members to liability coverage under the 'each accident' limit of $300,000 and not the 'each person' limit of $100,000." *Id.* at 588.

¶ 16. The court of appeals disagreed with the Gochas, reasoning that:

> The bodily injury to Kyle includes *all* injury and damages *to others* resulting from Kyle's bodily injury. *But for* the bodily injury to Kyle, the Gochas would not have suffered any emotional injuries. Their injuries are the natural and probable consequence of witnessing the accident that killed Kyle.

*Id.* at 592–93 (emphasis in original). Consequently, the court in *Gocha* held that the emotional distress claims of Kyle's family members were only compensable out of Kyle's "per person" limit because their emotional distress resulted from Kyle's injuries. *Id.* at 594. In other words, "[t]he injuries suffered by the Gochas [arose] out of Kyle's bodily injury, not their own." *Id.* at 593.

¶ 17. In this case, the court of appeals analogized between the claims of the family members in *Gocha* and Mullen's claim:

> The focus of our decision in *Gocha* was that, but for Kyle's bodily injuries, the family members would not have suffered emotional distress and, under the terms of the policy, that distress was compensable only from the "each person" limit. Similarly, *but for the death of his wife, Mullen would not have an emotional distress claim* based on witnessing her death. That he suffered his own injuries is irrelevant to the issue of how the policy covers claims that result from bodily injury to another person.

715

*Mullen,* 257 Wis. 2d 928, ¶ 9 (emphasis added) (citation omitted).

¶ 18. Mullen argues that the court of appeals erred in relying on *Gocha* since he was not a "bystander" in the auto accident that killed his wife. Furthermore, Mullen argues that "bodily injury" should be interpreted as including emotional distress, as well as physical injuries (citing *Doyle v. Engelke,* 219 Wis. 2d 277, 580 N.W.2d 245 (1998)).

¶ 19. We agree with Mullen that he was not a "bystander," as that term is used in *Gocha,* since he was physically injured in the accident in which Petit was killed. We also agree with Mullen that bodily injury may include emotional distress. *Doyle,* 219 Wis. 2d at 288. However, even though we agree with Mullen on these points, they are not dispositive for determining whose "per person" limit applies to Mullen's claim for emotional distress, resulting solely from witnessing the death of his wife. Rather, we must look to the relevant policy language and apply the limits of liability as provided in the policy.

¶ 20. Under the American Family policy, the limits of liability for the uninsured motorists coverage provided that "[t]he limit for 'each person' is the maximum for all damages sustained by all persons as the result of **bodily injury** to one person in any one accident." Thus in this case, Petit's "each person" limit includes all damages sustained by all persons as the result of her bodily injury in the accident. Although Mullen suffered physical injuries in the accident, he stipulated that his claim for emotional distress was solely from witnessing his wife's death. In other words, the stipulation established that Mullen's emotional distress was the result of his wife's death:

716

¶ 21. As previously noted, we acknowledge that Mullen was not a bystander; however, since the only claim at issue is Mullen's emotional distress from witnessing his wife's death, we find the reasoning in bystander cases instructive. In a case involving a husband's claim for the loss of his wife's services and her medical expenses, this court reasoned:

> While it is true that Herbert Bulman sustained damages by reason of the injury to his wife, quite separate and distinct in nature from those sustained by the wife, the insurance contract under which he seeks recovery includes his damages in those to which the limit of $5,000 applies. The measure of his recovery is not governed by the fact that his separate damages arose out of the same accident, but by the fact that they arose out of the same bodily injury.

*Bulman v. Bulman*, 271 Wis. 286, 291, 73 N.W.2d 599 (1955). In another bystander case, the court of appeals stated:

> How the law defines particular claims is immaterial. At issue is how the policy treats them, which is determined by the language of the policy. That is, the language of the policy controls which limits apply because whether a claim is derivative does not affect the applicable limits. Here, as shown below, the policy language ties the Krumms' claims to the "each person" limit.
>
> . . . .
>
> The policy here limits the recovery for all claims arising out of the injury of one person. Although those claims, such as emotional distress, may be independent and non-derivative and constitute "bodily injury," they arise out of the injury one person sustained.
>
> Here, Kyle sustained the injuries. But for Kyle's injuries, the rest of the Krumms would not have

> injuries or claims. Therefore, the "each person" limit
> applies and limits the Krumms' total recovery under
> the settlement agreement to $50,000.

*Kosieradzki v. Mathys,* 2002 WI App 191, ¶¶ 10, 13–14, 256 Wis. 2d 839, 649 N.W.2d 717 (citation omitted). Finally, as the court of appeals declared in *Gocha,* "[t]hat the Gochas have suffered *Bowen*-type emotional injuries is not really contested; it however begs the real controversy [at issue]. What is at issue here is whether State Farm's policy limits the Gochas' otherwise compensable injuries. We conclude that it does." *Gocha,* 215 Wis. 2d at 591.

¶ 22. In this case, even though Mullen was himself physically injured, his claim for emotional distress resulted from his wife's injury. Under the terms of the policy, any damages sustained by all persons as the result of Petit's death are covered by her "per person" limit. Consequently, the emotional distress suffered by Mullen, solely as the result of witnessing his wife's death, must be compensated out of her "per person" limit, not Mullen's.

¶ 23. We note that our holding relies on the stipulation between Mullen and American Family, which stated that Mullen's claim for emotional distress "resulted *solely* from witnessing his wife's death." (Emphasis added.) We have previously held that it may be impossible to separate damages for emotional distress that stem from different sources. *Redepenning v. Dore,* 56 Wis. 2d 129, 143, 201 N.W.2d 580 (1972). In *Redepenning,* a mother sought recovery for injuries she sustained in an automobile accident. Her daughter died in the accident, and the mother's claims included one for emotional distress. In upholding a jury's damage award, we determined that the mother's emotional

718

distress was caused *both* by her own physical injuries as well as witnessing her daughter's death. *Id.* Ultimately, we concluded that it was impossible to adequately separate the two. *Id.* In contrast, the court of appeals aptly pointed out a crucial distinction present in this case: "While the *Redepenning* court did note [that] it could not separate the causes of the mother's emotional distress, Mullen and American Family were able to do it in this case." *Mullen,* 257 Wis. 2d 928, ¶ 12.

¶ 24. In sum, we conclude that Mullen's claim for emotional distress, resulting solely from witnessing the death of his wife, must be compensated out of his wife's "per person" liability limit based on the terms of the insurance policy. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.