John J. PEMPER, Plaintiff-Appellant,†

v.

John J. HOEL, American Family Insurance Group, Partners Mutual Insurance and Security Health Plan, Defendants,

MILWAUKEE MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 03–2134. Submitted on briefs January 27, 2004.—Decided February 24, 2004.*

2004 WI App 67

(Also reported in 677 N.W.2d 705.)

† Petition to review denied 5-17-04.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Matthew S. Mayer, Mark A. Sauer,* and *Mallery & Zimmerman, S.C.* of Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Susan R. Tyndall* and *CMT Legal Group, Ltd.* of Waukesha.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.   John Pemper appeals a summary judgment concluding that John Hoel is not an insured under a policy Milwaukee Mutual Insurance Company issued. Because the circuit court correctly interpreted the policy, we affirm the judgment.

## Background

¶ 2.   On June 22, 2000, Hoel was driving a vehicle owned by Richard LaMarche, d/b/a Quality Truck &

Auto. Hoel, apparently a customer of LaMarche, collided with a vehicle operated by Pemper and injured him. When Pemper filed suit for damages, he named Milwaukee Mutual Insurance Company as a defendant because Milwaukee Mutual had issued a policy to LaMarche, insuring the vehicle Hoel had used.

¶ 3.  Milwaukee Mutual denied coverage for Hoel, contending he did not meet the applicable definition of an insured under the policy and moved for summary judgment to dismiss it from the case. The circuit court examined the policy and its endorsements, concluded that Hoel was not covered by Milwaukee Mutual's policy, and granted the company's motion. Pemper appeals, arguing that the policy is ambiguous and Milwaukee Mutual's construction of its policy violates WIS. STAT. § 632.32(5).[1]

## Discussion

■■

¶ 4.  We review summary judgments de novo, using the same methodology as the circuit court. *Mullen v. Walczak*, 2003 WI 75, ¶ 11, 262 Wis. 2d 708, 664 N.W.2d 76. Summary judgment is appropriate if the pleadings and other information on file show there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

■■

¶ 5.  Interpretation of an insurance policy is a question of law that we review de novo. *Mullen*, 262 Wis. 2d 708, ¶ 12. An insurance policy is construed to

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

give effect to the parties' intent as expressed by the policy language and interpreted as a reasonable person in the position of the insured would understand it. *Id.* A policy that is clear and unambiguous on its face should not be rewritten by interpretation to bind an insurer to a risk it never contemplated and for which it was never paid. *Id.*

■

¶ 6.   Milwaukee Mutual issued a garage coverage policy to LaMarche. The main section of the policy defines an insured as the policyholder and "Anyone else while using with your permission a covered 'auto . . . .' " There is no dispute that the vehicle in this case was covered. There are certain exceptions to the definition of an insured under the main policy, but Hoel does not fall under any of these exceptions.[2]

¶ 7.   There is, however, a "Wisconsin Changes" endorsement to the policy, which says:

> WHO IS AN INSURED is changed to *include* anyone other than an officer, agent or employee of such business while using a covered "auto". However, that person is an "insured" only if he or she has no other valid and

---

[2] There is an exception for customers of an auto dealership. The circuit court concluded that Quality Truck was only a repair shop, not a dealership. Milwaukee Mutual disputes this because the shop apparently has four sets of dealer plates, but does not cross-appeal this ruling. *See* WIS. STAT. RULE § 809.10(2)(b) ("A respondent who seeks modification of the judgment or order appealed from . . . in the same action . . . shall file a notice of cross-appeal . . . ."). However, because we affirm the holding excluding Hoel as an insured based on the endorsement, we need not consider Milwaukee Mutual's alternate argument regarding whether this dealership exception should apply. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

collectible insurance with at least the applicable minimum limit specified by WIS. STAT. Section 344.15. (Emphasis added.)

Pemper contends that the word "include" creates an ambiguity because it suggests the addition of a class of insured beyond those named in the primary policy. We disagree.

¶ 8.   We conclude that Pemper's construction of the endorsement as adding, not replacing, a class of insured is at odds with the intended meaning of six key endorsement phrases. The endorsement is entitled *"Wisconsin Changes."* (Emphasis added.) Below this title, in an italicized font larger than the subsequent typeface, is a heading that reads, *"This endorsement changes the policy. Please read it carefully."* (Emphasis added.) The very next line under this heading reads, "For a covered 'auto' licensed or principally garaged in . . . Wisconsin, the coverage form is *changed* as follows:" (Emphasis added.) Then, the endorsement says, "This endorsement *modifies* insurance coverage provided under" the garage coverage form. (Emphasis added.) The line following the list of modified forms says, "the provisions of the Coverage Form apply *unless modified* by the endorsement." (Emphasis added.) Finally, the applicable provision of the endorsement goes on to say "WHO IS AN INSURED is *changed* . . . ." (Emphasis added.)

¶ 9.   While we acknowledge that adding a class of insured could constitute a "change," viewing the endorsement as a whole we conclude that a reasonable insured would understand that the endorsement's definition of an insured is designed to supplant the main policy's definition. The effect of this portion of the

447

endorsement is to define an insured as anyone—other than an officer, agent or employee—who is using a covered auto. However, this large class of insureds would expose the insurer to a substantial risk it is not required to assume. Thus, WIS. STAT. § 632.32(5)(c) allows the insurance company to restrict the scope of this broad coverage:

> If the policy is issued to a motor vehicle handler, it may restrict coverage afforded to anyone other than the motor vehicle handler or its officers, agents or employees to the limits under s. 344.01 (2) (d) and to instances when there is no other valid and collectible insurance with at least those limits whether the other insurance is primary, excess or contingent.

Milwaukee Mutual therefore constricted the broad group of insureds to individuals with "no other valid and collectible insurance with at least the applicable minimum limit specified by WIS. STAT. Section 344.15."[3] There is no dispute that Hoel has his own valid and collectible insurance issued by American Family Insurance Group. Hoel is therefore not insured by Milwaukee Mutual's policy to LaMarche.

██

¶ 10.   Pemper argues that under *Carrell v. Wolken*, 173 Wis. 2d 426, 496 N.W.2d 651 (Ct. App. 1992), Milwaukee Mutual failed to take advantage of this statutory exemption. Statutory interpretation is a question of law that we review de novo. *Fox v. Catholic Knights Ins. Soc.*, 2003 WI 87, ¶ 19, 263 Wis. 2d 207, 665 N.W.2d 181. Again, we disagree with Pemper.

¶ 11.   *Carrell* discussed inclusion of language necessary to take advantage of WIS. STAT. § 632.32(5)(c)

---

[3] WISCONSIN STAT. § 344.15 incorporates the limits of § 344.01(2)(d).

because the insurance policy in question contained no restrictive language whatsoever. *Carrell*, 173 Wis. 2d at 436. We concluded that § 632.32(5) contains permissive, discretionary phrases that "may" be included in policies, compared to § 632.32(3) phrases that "shall" be included. *Id.* Because § 632.32(5) clauses "may" be included, they must be written into a policy to apply. Otherwise, § 632.32(5) may not be relied upon later to automatically create exclusions when a question of coverage arises. *See id.* at 435.

█

¶ 12. Pemper's argument appears to be premised on the contention that the endorsement adds to, rather than defines, the class of insureds because he argues that the endorsement's exclusionary language fails to acknowledge who meets the definition of an insured under the main policy. We might be persuaded if the definitions of the primary policy were relevant. However, the endorsement redefines who is an insured for Wisconsin policies. Because the limiting clause immediately follows the definition of an insured, we conclude that the exclusion adequately references and therefore restricts the definition of an insured. Under the Wisconsin Changes endorsement, an insured is anyone—other than an officer, agent or employee—using a covered auto and who does not have his or her own valid and collectible insurance.

¶ 13. Additionally, the language contained in Milwaukee Mutual's insurance policy endorsement contains almost verbatim the language WIS. STAT. § 632.32(5)(c) allows and refers to the correct statutory levels of coverage. We fail to see a deficiency in the language that would preclude applying the restriction.

The limiting clause in the endorsement does not violate § 632.32(5)(c). Hoel is therefore not insured by Milwaukee Mutual.

*By the Court.*—Judgment affirmed.