Tyler DORBRITZ and Katie Dorbritz,
Plaintiffs-Respondents,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Appellant,

PRUDENTIAL PROPERTY AND CASUALTY COMPANY,
Defendant-Respondent,

TRAVELERS INDEMNITY COMPANY OF ILLINOIS,
Lisa Habersbrunner, Margaux Lember
and Robert Lember,
Defendants.

Court of Appeals

*No. 2004AP1896. Submitted on briefs April 6, 2005.
—Decided May 17, 2005.*

2005 WI App 154

(Also reported in 702 N.W.2d 406.)

443

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James T. Murray, Jr.*, of *Peterson, Johnson & Murray*, of Milwaukee.

On behalf of the plaintiffs-respondents, Tyler Dorbritz and Katie Dorbritz, the cause was submitted on the brief of *Paul M. Erspamer*, of *Lisko & Erspamer, S.C.*, of Waukesha.

On behalf of the defendant-respondent, Prudential Property and Casualty Company, the cause was submitted on the brief of *Daniel J. Jungen*, of *Law Offices of Stilp & Cotton*, of Brookfield.

Before Fine, Curley and Kessler, JJ.

¶ 1. FINE, J. American Family Mutual Insurance Company appeals from the trial court's grant of summary judgment in favor of Tyler and Katie Dorbritz. The trial court concluded that Margaux Lember, the driver who hit Tyler Dorbritz's car, was covered under a personal liability umbrella policy issued by American Family. American Family claims that: (1) the umbrella policy does not cover Lember, and (2) the umbrella policy is secondary to a personal liability policy issued to Lember. We affirm.

## I.

¶ 2. Tyler Dorbritz was seriously injured when a car, driven by Margaux Lember and owned by Lisa Habersbrunner, hit his car. It is undisputed that Lember had Habersbrunner's permission to drive the car. *See, e.g.*, WIS. STAT. § 632.32(5)(a) (policy · may limit coverage to "use that is with the permission of the named insured or an adult member of that insured's household").

¶ 3. Several insurance policies were potentially in effect at the time of the accident. Lember had a personal liability policy with Prudential Property and Casualty Company, with a per-person liability limit of $100,000. Habersbrunner had a personal liability policy with American Family, with a per-person liability limit of $100,000. Habersbrunner's parents, Albert and Mary Habersbrunner, also listed Lisa Habersbrunner on a

445

special endorsement to their personal liability umbrella policy issued by American Family. The umbrella policy had a bodily injury limit of $1,000,000.

¶ 4. American Family paid the Dorbritzes the $100,000 policy limit under Lisa Habersbrunner's personal liability policy. The Dorbritzes then sought a declaration that the umbrella policy provided coverage for Lember as a permissive user of Lisa Habersbrunner's car. *See* WIS. STAT. § 806.04 (uniform declaratory judgments act). The Dorbritzes also asked the trial court to determine the "relative priorities of American Family Mutual Insurance Company and Prudential Property and Casualty," and to conclude that the policy issued by Prudential provided "secondary coverage for damages to" them.

¶ 5. The parties then filed cross motions for summary judgment. American Family claimed that Lember did not meet the definition of an insured under the umbrella policy.

¶ 6. The Dorbritzes alleged that Lember was insured by the umbrella policy because: (1) Lisa Habersbrunner's car was covered under the endorsement to the umbrella policy; and, because the car was covered, (2) WIS. STAT. § 632.32(3)(a), the "omnibus statute," extended coverage to Lember as a permissive user of Lisa Habersbrunner's car.[1] *See Binon v. Great N. Ins. Co.*, 218 Wis. 2d 26, 30–31, 580 N.W.2d 370, 372 (Ct.

---

[1] WISCONSIN STAT. § 632.32(3)(a) provides:

REQUIRED PROVISIONS. Except as provided in sub. (5) [permissible provisions], every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

App. 1998) (§ 632.32(3) extends coverage to a permissive user of an insured car). The Dorbritzes also asked for a declaration that, "after American Family's umbrella policy limits have been exhausted, . . . the liability insurance coverage . . . issued by Prudential Insurance to Ms. Lember, is available to cover the damages sustained by" them.

¶ 7. Prudential opposed American Family's motion for summary judgment, and supported the Dorbritzes' motion for summary judgment. In doing so, it claimed that the umbrella policy provided coverage for Lember, "[c]onsequently, American Family's umbrella policy is next in line."

¶ 8. After a hearing on the motions, the trial court denied American Family's motion, and granted summary judgment to the Dorbritzes. It concluded that: (1) the umbrella policy covered Lisa Habersbrunner's car; (2) Lember was covered by the umbrella policy under Wis. Stat. § 632.32 as a permissive user; and (3) after the limits of American Family's umbrella policy were exhausted, the Dorbritzes could recover under the Prudential policy.

## II.

¶ 9. As we have seen, the trial court decided the case on summary judgment. The parties agree that there are no contested facts and that this case presents only an issue of law. Thus, our review is *de novo. See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987) (appellate review of summary judgment determinations is *de novo*).

---

American Family does not argue that one or more of the exceptions in § 632.32(5) applies.

¶ 10. The construction of language in an insurance policy is also a question of law that we review *de novo*. *Mullen v. Walczak*, 2003 WI 75, ¶ 12, 262 Wis. 2d 708, 713, 664 N.W.2d 76, 79. An insurance policy is construed to give effect to the parties' intent as expressed by the policy language and interpreted as a reasonable person in the position of the insured would understand it. *Ibid.* A policy that is clear and unambiguous on its face should not be rewritten by interpretation to bind an insurer to a risk it never contemplated and for which the insured never paid. *Ibid.*

¶ 11. None of the parties to this appeal dispute that the umbrella policy, by its terms, does not name Lember. As material, the policy defines an "insured" as:

9. . . . a. The **named insured**;

b. Your **relatives**;

. . . .

d. With respect to a **car, recreational motor vehicle** or watercraft, owned or leased by **you, insured** means:

(1) Any person using such a vehicle or watercraft; or

(2) Any person or organization legally responsible for the acts or omissions of a person for whom coverage is afforded under this policy while that person is using any such vehicles or watercraft;

. . . .

g. With respect to a **car, recreational motor vehicle** or watercraft, owned or leased by any **relative**, in the care of the **relative** or furnished or available for regular use by that **rela-**

> tive, **you** and **your relatives** are an **insured** only when this policy is so endorsed to make this **relative** an **insured** for the use of that vehicle or watercraft. The **relative** must be insured for the use of that vehicle or watercraft under one or more **underlying insurance** policies for not less than the required liability **underlying insurance limit** shown on the special coverage endorsement purchased with this policy.

(Bolding in original.) The policy defines "you" and "your" as "the **named insured** in the declarations. These words also refer to **your** spouse if a resident of **your** household." (Bolding in original.) A "named insured" is defined as "the person shown in the declarations and his/her spouse." The "named insured" in the declarations are Albert and Mary Habersbrunner. Accordingly, section 9d(1), the provision of the policy that provides coverage for "[a]ny person using such a vehicle," applies only to cars owned or leased by the named insureds, Albert and Mary Habersbrunner. *See Meyer v. City of Amery*, 185 Wis. 2d 537, 544, 518 N.W.2d 296, 298 (Ct. App. 1994) ("you" means the named insured in the declarations). As we have seen, the car involved in the accident was owned by Lisa Habersbrunner, who was added to the policy by a special endorsement. Thus, the issue is whether Lember is covered as a permissive user of Lisa Habersbrunner's car under the special endorsement. This requires us to engage in a two-step analysis: (1) whether Lisa Habersbrunner's car was covered under the umbrella policy; and, if her car was covered, (2) whether Wis. Stat. § 632.32(3)(a) applies. *See Kettner v. Wausau Ins. Cos.*, 191 Wis. 2d 723, 742, 530 N.W.2d 399, 406 (Ct. App. 1995) (§ 632.32(3) applies only to cars covered under the insured's policy). We address each step in turn.

449

¶ 12. The special endorsement is titled: "SPECIAL ENDORSEMENT EXTENSION OF COVERAGE TO A VEHICLE OWNED BY A RELATIVE OF THE NAMED INSURED," and provides:

For an additional premium, *this policy is extended to provide coverage for* the **relative(s)** identified and listed below for *the **car***, **recreational motor vehicle** or watercraft *owned or leased by the **relative*** or furnished or available for the regular use by the **relative**. The **relative** must maintain the required **underlying insurance** policies for not less than the required liability **underlying insurance limit**.

**Relative(s) Name** **Relationship**
(These **relatives** must be members of the **named insured's** household.)

Habersbrunner, Lisa M Daughter

(Typography and bolding as in original; emphasis added.)[2] The endorsement covered Lisa Habersbrunner's car. We thus turn to whether Wɪs. Sᴛᴀᴛ. § 632.32(3)(a) extends coverage to Lember as a permissive user of Lisa Habersbrunner's car.

¶ 13. As we have seen, Wɪs. Sᴛᴀᴛ. § 632.32(3)(a) provides:

REQUIRED PROVISIONS. Except as provided in sub. (5) [permissible provisions], every policy subject to this section issued to an owner shall provide that:

---

[2] It is undisputed that, at all times relevant to this appeal, Lisa Habersbrunner maintained the required underlying insurance policies.

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to *any person using any motor vehicle* described in the policy when the use is for purposes and in the manner described in the policy.

(Emphasis added.) As with our *de novo* review of summary-judgment determinations, a trial court's application of statutes to facts that are not contested is also reviewed *de novo. See State v. Wilson,* 170 Wis. 2d 720, 722, 490 N.W.2d 48, 50 (Ct. App. 1992), *denial of habeas corpus aff'd, Wilson v. McCaughtry,* 994 F.2d 1228 (7th Cir. 1993). We have recently recognized:

> Application of statutes requires that we "faithfully give effect to the laws enacted by the legislature." In doing so, "[w]e assume that the legislature's intent is expressed in the statutory language." If that language is clear, we apply it as it reads because the words used by the legislature are the best evidence of its intent.

*State v. Swiams,* 2004 WI App 217, ¶ 5, 277 Wis. 2d 400, 404–405, 690 N.W.2d 452, 454 (citations and quoted sources omitted). "Additionally, statutes should not be applied with a hyper-technicality that swamps common sense." *Rebernick v. Wausau Gen. Ins. Co.,* 2005 WI App 15, ¶ 6, 278 Wis. 2d 461, 466, 692 N.W.2d 348, 351, *review granted,* 2005 WI 60, 281 Wis. 2d 112, 697 N.W.2d 471 (No. 2004AP0487).

¶ 14. Here, the statute by its plain language provides coverage for Lember. The policy was issued to "owner[s]" Albert and Mary Habersbrunner. Lember was "any person," and Lisa Habersbrunner's car was "any motor vehicle described in the policy." American Family claims, however, that WIS. STAT. § 632.32(3)(a) applies only to policies "issued to an owner." It thus argues that because the umbrella policy was not issued

to Lisa Habersbrunner, the owner of the car involved in the accident, § 632.32(3)(a) does not apply. American Family ignores § 632.32's plain meaning, which effectuates the legislative intent that coverage under that section be construed broadly. *See Greene v. General Cas. Co.*, 216 Wis. 2d 152, 161, 576 N.W.2d 56, 60 (Ct. App. 1997); § 632.32(1) (§ 632.32 applies to "every policy of insurance issued or delivered in this state").[3] The statute extends coverage under the umbrella policy to Lember. *See Rebernick*, 2005 WI App 15, ¶ 7, 278 Wis. 2d at 467–468, 692 N.W.2d at 351–352 (umbrella policy within purview of § 632.32).

¶ 15. American Family also contends that the trial court erred when it concluded that its umbrella policy was primary to Prudential's. It claims that an umbrella policy is an excess policy, which is available only after all other sources of insurance have been exhausted. *See Oelhafen v. Tower Ins. Co.*, 171 Wis. 2d 532, 539, 492 N.W.2d 321, 324 (Ct. App. 1992) (umbrella policy is excess over and above any type of primary coverage). The Dorbritzes and Prudential assert that American Family waived this claim because American Family did not object when the trial court declared that its policy came next at the hearing on the summary judgment motions, and issued an order to that effect. We agree.

¶ 16. Generally, we will not review an issue raised for the first time on appeal. *See Wirth v. Ehly*, 93 Wis. 2d

---

[3] WISCONSIN STAT. § 632.32(1) provides in full: "Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person."

433, 443–444, 287 N.W.2d 140, 145 (1980); *Vollmer v. Luety*, 156 Wis. 2d 1, 10, 456 N.W.2d 797, 801 (1990). "[R]equiring objections at trial allows the trial judge an opportunity to correct or avoid errors, thereby resulting in efficient judicial administration and eliminating the need for an appeal." *Vollmer*, 156 Wis. 2d at 11, 456 N.W.2d at 802. Here, American Family had several opportunities to object to the Dorbritzes' contention that American Family's umbrella policy was next in line.

¶ 17. As we have seen, the Dorbritzes and Prudential asked the trial court to declare that the umbrella policy was next in line. American Family never responded to these requests. Moreover, at the hearing on the summary-judgment motions, the trial court discussed the order of the insurance polices with the parties:

> THE COURT: It's my understanding that American Family has paid the . . . $100,000 limits, correct?
>
> [DORBRITZES' LAWYER]: Correct.
>
> [AMERICAN FAMILY'S LAWYER]: True.
>
> THE COURT: And so American Family now moves to the — with the court's ruling, moves to the endorsement limits, and then after that, depending on the facts, perhaps Prudential would have to be called upon to cover any additional amounts, is that the way it works?
>
> [DORBRITZES' LAWYER]: That is.
>
> THE COURT: Three-tier, American Family, American Family, Prudential.

[DORBRITZES' LAWYER]: That's coverage on the vehicle usually applies first and then coverage on the driver is separate.

THE COURT: Okay.

American Family's lawyer neither objected to the trial court's ordering of the policies nor the Dorbritzes' lawyer's assertion that insurance policies covering the car are applied first.

¶ 18. Finally, after the hearing, the Dorbritzes' lawyer submitted a proposed order to the trial court declaring that, "subsequent to American Family's umbrella policy the automotive liability policy issued by Prudential to Margaux Lember is available if needed, to indemnify and defend Margaux Lember for claims for damage incurred by plaintiffs." A copy of the order was sent to American Family "with the understanding that [it] may comment or object to [the order's] form within five days." American Family did not object. American Family waived its right to contest on this appeal the trial court's setting the order of the policies.

■

¶ 19. American Family contends, however, that we should consider its claim in the interest of justice because, it argues, the real controversy, the relative priorities of the policies, was never properly briefed or argued. Under WIS. STAT. § 752.35, we may reverse an order and remand for entry of a proper judgment, even where no objection was made, if it appears from the record that: (1) the real controversy has not been fully tried, or (2) it is probable that justice has for any reason miscarried.[4] *Vollmer*, 156 Wis. 2d at 19, 456 N.W.2d at 805. We will exercise our discretion to reverse under

---

[4] WISCONSIN STAT. § 752.35 provides:

454

this statute "only in exceptional cases." *State v. Cuyler*, 110 Wis. 2d 133, 141, 327 N.W.2d 662, 667 (1983). This is not an exceptional case. As we have seen, American Family could have objected to the trial court's ordering of the policies, but did not. Under these circumstances, we decline to exercise our discretionary authority under § 752.35.

*By the Court.*—Order affirmed.

**Discretionary reversal.** In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for the entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.