PER CURIAM.
¶ 1 Wisconsin Mutual Insurance Company (Wisconsin Mutual) appeals a summary judgment dismissing Mt. Morris Mutual Insurance Company (Mt. Morris) from a lawsuit involving a utility task vehicle (UTV) accident that allegedly caused injuries to a passenger, Joshua Balde. The issue on appeal involves the definition of an "insured" under Mt. Morris' policy of insurance. We affirm.
BACKGROUND
¶ 2 Olivia Haas was driving the UTV and lost control, causing the UTV to tip over and injure its passenger, Balde. The UTV was owned by Olivia's uncle, Edward Berube, who lived immediately adjacent to the land where the accident occurred. Wisconsin Mutual had issued an insurance policy to Berube which contained coverage for bodily injuries stemming from the use of the UTV. It is undisputed that Olivia was a permissive user of the UTV; it is also undisputed that Olivia was an "insured" under the Wisconsin Mutual policy while using the UTV.
¶ 3 The property on which the accident occurred was owned by Olivia's father, Glen Haas. Mt. Morris had issued an insurance policy to Glen Haas doing business as Haas House. As the property insurance carrier for the property on which the accident occurred, Mt. Morris paid medical expenses on Balde's behalf. Mt. Morris was thus added as a party in the lawsuit in order to address its subrogation lien for those medical payments.
¶ 4 Mt. Morris sought summary judgment, asserting that Olivia was willing to voluntarily dismiss Mt. Morris in exchange for its waiver of the subrogation lien, but that Wisconsin Mutual was unwilling to agree to the dismissal. Wisconsin Mutual argued that Mt. Morris owed coverage for Olivia's alleged negligence despite the fact that Mt. Morris did not insure the UTV and the vehicle was not owned by Glen. Among other things, Mt. Morris requested a determination that no coverage was owed under the Mt. Morris policy as Olivia was not defined as an "insured" under its policy because Wisconsin Mutual provided other applicable insurance covering Olivia's use of the UTV.
¶ 5 The circuit court agreed that Olivia was not defined as an "insured" under the Mt. Morris policy because other insurance-i.e., the Wisconsin Mutual policy-undisputedly covered Olivia for her alleged negligent operation of the UTV. Accordingly, the court granted summary judgment dismissing Mt. Morris, and Wisconsin Mutual now appeals.
DISCUSSION
¶ 6 We review summary judgment rulings independently, applying the well-established standards set forth in WIS. STAT. § 802.08 (2015-16).[1] See Hirschhorn v. Auto-Owners Ins. Co. , 2012 WI 20, ¶ 20, 338 Wis. 2d 761, 809 N.W.2d 529. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Sec. 802.08(2).
¶ 7 The interpretation of an insurance contract is a question of law we decide independently. See Marks v. Houston Cas. Co. , 2016 WI 53, ¶ 36, 369 Wis. 2d 547, 881 N.W.2d 309. When the language of an insurance contract is unambiguous, courts apply its plain and ordinary meaning. Wisconsin Pharmacal Co. v. Nebraska Cultures of Cal., Inc. , 2016 WI 14, ¶ 20, 367 Wis. 2d 221, 876 N.W.2d 72. In determining whether an insurance policy affords coverage for a claim, we first determine whether an initial grant of coverage exists, which is a separate evaluation that precedes examination of policy exclusions and exceptions. See Wadzinski v. Auto-Owners Ins. Co. , 2012 WI 75, ¶¶ 14-15, 342 Wis. 2d 311, 818 N.W.2d 819. If we determine the policy does not provide an initial grant of coverage, the inquiry ends. See id. , ¶ 14.
¶ 8 We therefore first turn to whether an initial grant of coverage exists under the Mt. Morris policy. See id. Glen Haas doing business as Haas House was the named policyholder of the Mt. Morris policy. Olivia was not a named insured under the Mt. Morris policy issued to her father. Therefore, the threshold issue is whether Olivia was otherwise defined as an "insured" under the policy. The Mt. Morris policy included the following relevant provisions concerning the definition of "insured":
Insured also includes:
....
c. with respect to the operation, with your permission, of mobile equipment:
....
2) any other person; including another person or an organization legally liable for the conduct of such person, but only:
a) for liability arising out of operation of the equipment; and
b) if there is no other insurance covering the liability available to them.
¶ 9 It is undisputed that the Wisconsin Mutual policy provided liability insurance coverage to Olivia while using the UTV. Accordingly, "other insurance covering the liability" was available through the Wisconsin Mutual policy issued to Edward Berube. As such, under subdivision b) of the policy, as cited above, the circuit court correctly concluded that Olivia was not defined as an "insured" under the Mt. Morris policy, and the policy thus did not provide an initial grant of coverage.
¶ 10 Nevertheless, Wisconsin Mutual contends its policy declares that its coverage is "excess over other insurance that applies to the loss or claim." Wisconsin Mutual argues that, as a matter of law, its policy is thus "excess coverage" and does not qualify as "other" insurance as that term is used in the Mt. Morris clause. Wisconsin Mutual also argues that because excess insurance is contingent, it does not constitute "available" insurance until the underlying primary policy has been exhausted.
¶ 11 In this regard, Wisconsin Mutual asserts the Mt. Morris policy is the underlying primary policy that "clearly affords coverage to Olivia Haas." Wisconsin Mutual also asserts the Mt. Morris clause is actually an "escape clause" because Mt. Morris will only escape its coverage obligations if there is no other insurance available covering the liability. According to Wisconsin Mutual, the basis of the dispute in this case therefore rests upon two competing "other insurance" clauses found in the Wisconsin Mutual and Mt. Morris policies. However, Mt. Morris's "escape" clause does not reference excess coverage or contingent coverage. Wisconsin Mutual therefore contends that, in the case of an apparent conflict between an "escape" clause in one policy and an "excess" clause in another policy, the "escape" clause is "ineffective" and the "excess" clause is to be given effect.
¶ 12 Wisconsin Mutual's arguments are misplaced. They pertain to the order of coverage; not to whether coverage exists in the first place. The obvious purpose of the definition of an "insured" in the Mt. Morris policy is to determine whether there is a grant of coverage in the first instance. Olivia was only an insured under the Mt. Morris policy if there was no other insurance available to her covering the liability. This unambiguous requirement is definitional. We do not reach issues involving the prioritized order of competing clauses where coverage is otherwise owed, given that Olivia does not meet the definition of an "insured" in the first instance. Quite simply, it is only when there is an initial grant of coverage that conflicting "other insurance" clauses, exclusions and exceptions to the exclusions are analyzed. Under the plain and unambiguous terms of the Mt. Morris policy, Olivia did not meet the definition of an "insured," there was no initial grant of coverage, and the inquiry ends.
¶ 13 A similar definitional bar to coverage was enforced in Pemper v. Hoel , 2004 WI App 67, ¶ 9, 271 Wis. 2d 442, 677 N.W.2d 705. An endorsement in that case constricted a broad group of insureds to individuals with "no other valid and collectible insurance with at least the applicable minimum limit specified by WIS. STAT. § 344.15." Id. We noted, "[t]here is no dispute that Hoel has his own valid and collectible insurance issued by American Family Insurance Group. Hoel is therefore not insured by Milwaukee Mutual's policy to LaMarche." Id.
¶ 14 The logic of Pemper applies to limit the risk in the Mt. Morris policy by its defining an "insured" in relation to liability for use of mobile equipment. As mentioned, Olivia was only an insured under the Mt. Morris policy if there was no other insurance covering the liability available to her. The circuit court correctly found there was "other such insurance as it is undisputed that the UTV [Olivia] was operating was insured through the Wisconsin Mutual policy." Under the undisputed facts of this case, Mt. Morris did not owe coverage for Olivia's alleged negligence. Because we conclude there was no initial grant of coverage due to the availability of other insurance, we need not reach alternative arguments raised by the parties.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

References to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.